UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-20946-RAR
(16-CR-20652-RAR)

**ROBERT LOUIS MORGAN IV**,
as "next friend of"
**ROBERT LEWIS MORGAN, JR.**,

    Petitioner,

v.

**UNITED STATES OF AMERICA**,

    Respondent.
_____/

### ORDER DISMISSING PETITION FOR WRIT OF ERROR CORAM NOBIS AND DIRECTING THE PETITIONER TO SHOW CAUSE

**THIS CAUSE** comes before the Court on a "Petition for Writ of Error Coram Nobis" under 28 U.S.C. § 1651 filed by Petitioner Robert Louis Morgan IV ("Petitioner") as "next friend" of his father, Robert Lewis Morgan, Jr. ("Morgan"). Petitioner alleges that the Government "violated clearly established law when it used the products of several unreasonable seizures" to secure Morgan's conviction in Case No. 16-CR-20652. Pet. at 3. Petitioner asks the Court to issue a writ of error coram nobis and to vacate Morgan's conviction. *See id.* at 9. The Court must dismiss this Petition for three reasons: (1) Petitioner, a non-lawyer, cannot file pleadings on his father's behalf; (2) the Petition is an unauthorized successive motion to vacate under 28 U.S.C. § 2255; and (3) this action is a transparent attempt to circumvent the Court's sanction restricting Morgan's access to the courts that rises to the level of contemptuous conduct.

*First*, Petitioner cannot file pleadings on Morgan's behalf because he is not a lawyer. Any person who wants to appear in federal court can either represent themselves *pro se* or can hire an

attorney to represent him or her.  *See* 28 U.S.C. § 1654.  "The right to appear *pro se*, however, is limited to those parties conducting 'their own cases' and does not apply to persons representing the interests of others." *Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012) (citing *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997, *overruled in part on other grounds*, *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007)).  Petitioner is not a lawyer, so he has no right to "represent[ ] . . . the interests of others" by filing documents *pro se* on a third-party's behalf.  *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008).

In response to this, Petitioner says that he has standing to bring this action for Morgan as a "next friend," since he is "acting in the best interests of Mr. Morgan" and has a "significant relationship" with Morgan as his son.  Pet. at 7–8.  The Court concedes that there are "certain circumstances" a person may have standing as a "next friend" to "proceed on a party's behalf." *Centobie v. Campbell*, 407 F.3d 1149, 1151 (11th Cir. 2005).  However, to establish "next friend" standing, Petitioner must meet three prerequisites:

> First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action.  Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and [third] it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

*Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990) (cleaned up).

Petitioner argues that coram nobis relief is "inaccessible" to Morgan because he is "in custody."  *See* Pet. at 6–7.  Petitioner is correct that coram nobis relief is unavailable to Morgan, but, as the Court will explain shortly, it is unavailable to Petitioner as well, so there is no "adequate explanation" as to why Morgan cannot "appear on his own behalf to prosecute the action." *Whitmore*, 495 U.S. at 163; *see also Baker v. McDonough*, No. 06-CV-423, 2006 WL 3266469, at

\*2 (N.D. Fla. Nov. 8, 2006) ("Petitioner states that his reason for pursuing habeas relief on behalf of his son is the fact that his son is procedurally barred from filing another section 2254 petition. However, his son's procedural inability to present his claim is not the type of 'disability' contemplated by *Whitmore*." (internal citation omitted)).

*Second*, this Petition must be construed as a § 2255 motion to vacate and dismissed as successive. A petition for writ of error coram nobis is only available "when there is and was no other available avenue for relief." *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000) (emphasis added) (citing *United States v. Morgan*, 346 U.S. 502, 512 (1954)). The Eleventh Circuit has explained that a defendant cannot seek coram nobis relief to attack a judgment he is currently "in custody" on since relief under § 2255 is available instead. *See United States v. Brown*, 117 F.3d 471, 474–75 (11th Cir. 1997); *see also McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc) (holding that § 2255 "is the exclusive mechanism for a federal prisoner to seek collateral relief"). Petitioner's argument that coram nobis relief is still available to him—since he is not "in custody" like Morgan—is patently frivolous. The Petition attacks the same judgment that authorizes Morgan's present confinement, and, so long as Morgan remains "in custody" on that judgment, it cannot be altered by a petition for writ of error coram nobis relief no matter who brings it. *See Brown*, 117 F.3d at 474–75; *United States v. Garcia*, 181 F.3d 1274, 1274–75 (11th Cir. 1999).

Since coram nobis relief is unavailable, the Petition "must be construed as a § 2255 motion." *Brown*, 117 F.3d at 474. As both Petitioner and Morgan are no doubt aware, a criminal defendant must receive permission to file a second or successive § 2255 motion from the "court of appeals before the district court may reach the merits of the [successive] motion." *Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014). Morgan has already filed multiple § 2255

motions challenging the legality of his conviction, and he did not receive permission from the Eleventh Circuit to file the instant Petition. *See* Order Striking Motion for Leave to File Petition, *United States v. Morgan*, No. 16-CR-20652 (S.D. Fla. June 13, 2022), ECF No. 166 at 2–3. "Without authorization, the district court lacks jurisdiction to consider a second or successive [§ 2255 motion]." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).[1]

*Third*, the Petition is a flagrant attempt by Morgan to circumvent restrictions this Court put in place to restrict his frivolous and malicious *pro se* filings. To briefly summarize the relevant procedural history, the Court sanctioned Morgan for "his abusive post-judgment motions in both his underlying criminal case and his original § 2255 case." Order Denying Notice of Objection, *Morgan v. United States*, No. 22-CV-20653 (S.D. Fla. Mar. 17, 2022), ECF No. 5 at 3. Since Morgan insisted on "inundating the Court with his increasingly asinine arguments," the Court barred Morgan from filing <u>any</u> motions related to Case No. 16-CR-20652 without first receiving permission from the Court to do so. *See id.* The Court explained that it would only grant Morgan permission to file additional motions if he: (1) certified that "the issues contained in the proposed filing are not frivolous" and (2) explained why the "non-frivolous issue cannot be resolved in a separate action." *Id.* Despite this restriction—and numerous explanations from the Court that he could not file successive § 2255 motions without first receiving permission from the Eleventh Circuit—Morgan continued to file frivolous motions collaterally attacking his conviction and sentence, all of which were stricken pursuant to the Court's prior Order. *See* Order Striking Motion

---

[1] Morgan's inability to file a successive § 2255 without permission from the Eleventh Circuit does not impact the Court's analysis  As the Court explained to Morgan less than two months ago, "[t]he mere fact that § 2255 imposes restrictions on second or successive motions does not mean that this remedy is 'unavailable' to [Morgan]." Jan. 30, 2024 Paperless Order, *United States v. Morgan*, No. 16-CR-20652 (S.D. Fla. Jan. 30, 2024), ECF No. 211 (citing *Jones v. Hendrix*, 599 U.S. 465, 480 (2023)). The continuing "availability" of § 2255 further emphasizes that coram nobis is <u>not</u> a viable alternative method of challenging Morgan's conviction. *See Brown*, 117 F.3d at 474–75.

for Leave to File Petition, *United States v. Morgan*, No. 16-CR-20652 (S.D. Fla. June 13, 2022), ECF No. 166; Apr. 19, 2023 Paperless Order, *United States v. Morgan*, No. 16-CR-20652 (S.D. Fla. Apr. 19, 2023), ECF No. 185; May 18, 2023 Paperless Order, *United States v. Morgan*, No. 16-CR-20652 (S.D. Fla. May 18, 2023), ECF No. 190; Aug. 28, 2023 Paperless Order, *United States v. Morgan*, No. 16-CR-20652 (S.D. Fla. Aug. 28, 2023), ECF No. 198; Jan. 30, 2024 Paperless Order, *United States v. Morgan*, No. 16-CR-20652 (S.D. Fla. Jan. 30, 2024), ECF No. 211.

Morgan has now apparently taken a new and audacious step to evade the Court's restrictions on his pleadings: enlisting his son to file motions on his behalf. The Court uses the word "apparently" because it is not entirely convinced that Petitioner and Morgan are different people. In addition to inheriting Morgan's proclivity for advancing frivolous arguments, the Court cannot help but notice that Petitioner's handwriting is indistinguishable from his father's. *Compare* Pet., *with* Motion for Leave to Reopen Case, *United States v. Morgan*, No. 16-CR-20652 (S.D. Fla. Jan. 30, 2024), ECF No. 210. In the Court's estimation, Morgan intended to frustrate and ignore this Court's Orders by either impersonating his son (without his son's knowledge or consent) or by enlisting his son to abet this ill-conceived plot. Either way, this Petition represents extreme and contemptuous conduct that is "designed to harass those in positions of authority or to grind the wheels of the judicial system to a halt." *Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986) (en banc).

This escalation of bad-faith conduct has shown the Court that it has indulged Morgan long enough. The Court has the inherent power to "punish for contempts"—even if the contempt occurred "beyond the court's confines." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (quoting *Ex parte Robinson*, 86 U.S. 505, 510 (1873)). A party's knowing and willful decision to

ignore a court's orders can be met with "coercive and compensatory sanctions." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991). However, before the Court considers imposing civil contempt sanctions on Petitioner and/or Morgan it will—indeed it must—give the parties an opportunity to show cause why they should not be held in contempt. *See Newman v. State of Ala.*, 683 F.2d 1312, 1318 (11th Cir. 1982). This opportunity to show cause is especially important here since the Court has reason to believe that Petitioner is an innocent party who has unwittingly been dragged into this quagmire through his father's short-sighted and selfish actions.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Error Coram Nobis, [ECF No. 1], which the Court construes as a successive motion to vacate under § 2255, is **DISMISSED** for lack of subject-matter jurisdiction. Since the Court lacks subject-matter jurisdiction, it cannot issue a certificate of appealability. *See Williams v. Chatman*, 510 F.3d 1290, 1294 (11th Cir. 2007).

2. On or before **April 22, 2024**, both **ROBERT LOUIS MORGAN IV** and **ROBERT LEWIS MORGAN, JR.**, shall **SHOW CAUSE** in writing why they should not be held in civil contempt for knowingly and willfully violating the Court's Orders. The parties' written responses shall be mailed to the Clerk of the Court for the United States District Court for the Southern District of Florida and must contain the case numbers listed above. Failure to show cause by **April 22, 2024**, may result in additional sanctions—including monetary fines and/or incarceration.

3. The U.S. Marshal is hereby **ORDERED** to serve a copy of this Order on both **ROBERT LOUIS MORGAN IV** and **ROBERT LEWIS MORGAN, JR**, at the addresses listed below.

4. All pending motions are **DENIED as moot**. The Clerk of the Court shall administratively **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 13th day of March, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:   Robert Louis Morgan IV
      635 Indiana Street
      Orlando, FL 32805

      Robert Lewis Morgan, Jr.
      13829-104
      Coleman Low
      Federal Correctional Institution
      Inmate Mail/Parcels
      P.O. Box 1031
      Coleman, FL 33521